464 So.2d 674 (1985)
Travis Eugen WHIGHAM, Appellant,
v.
Bonnie Marie WHIGHAM, Appellee.
No. 84-408.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
Herbert H. Hall, Jr., and Eric S. Mashburn, Winter Garden, for appellant.
Michael H. Hatfield, Umatilla, for appellee.
COWART, Judge.
This case involves a defective service of process and a void judgment.
In 1976 appellee, as wife, filed an action for dissolution of marriage against appellant, *675 as husband. The complaint also sought child custody and alleged that the parties were joint owners of certain real and personal property, specifically describing it, and claimed that the plaintiff-wife and children needed exclusive possession of the property. The complaint also claimed that, in addition to her joint ownership interest, the wife was entitled to a special equity in the property. The complaint also prayed that the court award the wife, as lump-sum alimony, all of the husband's interest in the described property.
Substituted service of process was obtained by publication but the published notice of action required by section 49.08, Florida Statutes, did not set forth the description of the property described in the complaint and did not advise the defendant-husband that, in addition to a dissolution, the nature of the action was one in which the plaintiff-wife was seeking to have the husband's interest in the jointly owned property awarded to her. The defendant-husband did not appear or otherwise submit himself to the jurisdiction of the trial court in the dissolution action. A default was entered against the husband therein. The final judgment dissolved the marriage, awarded custody of the children to the wife and purported to award to the wife all of the husband's interest in the jointly owned property.
In 1979 the husband filed a pro se motion for relief from the final judgment alleging that the property aspects of the final judgment were void and also requesting that he be awarded legal custody of two minor children who were then in his actual custody. Notice of hearing on the motion was personally served on the wife. She did not personally appear at the hearing but she executed a written consent to a change of custody of the children which was filed. An order of modification was entered changing the custody of the minor children from the wife to the husband but the order did not act on the husband's claim that the final judgment was void as to the property adjudication.
In 1983 the husband filed a more formal motion attacking the jurisdiction of the court to enter a valid award of the husband's property rights to the wife in the dissolution action. The trial court denied relief and the husband appeals. We reverse.
In denying the motion to vacate the trial court found that the trial court in the dissolution action did not have jurisdiction to terminate the husband's property interest because of the defective service of process and found that the final judgment was void insofar as it attempted to terminate the husband's property rights. However, the trial court stated: "The judgment, nevertheless, transferred title of the property to the wife." The trial court then noted that the husband's motion to vacate was under Florida Rule of Civil Procedure 1.540(b) and that rule limited the filing of a motion to vacate a judgment as void to a "reasonable time." The trial judge then observed "this would seem to dictate that if the relief is not sought within `a reasonable time' the void judgment then becomes valid." The trial court held that while the delay from 1976 to 1979 was not an unreasonable time the delay from 1979 until the filing of the more formal motion in 1983 was more than a reasonable time because in the meantime the wife had made improvements to the property relying upon the validity of the original final judgment.
Section 49.011(4), Florida Statutes, provides for constructive service of process in a dissolution action. Section 49.011(1), Florida Statutes, has a separate provision for an action to enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court.
The trial court had subject matter jurisdiction to adjudicate property rights between the parties in the dissolution action and that jurisdiction was properly invoked by the allegations in the dissolution complaint. However that jurisdiction was not perfected[1] with regard to the adjudication *676 of property rights because the service of process by publication was defective in that it did not contain a description of the property sought to be proceeded against as required by section 49.08(4), Florida Statutes, and did not give constitutional procedural due process notice that the husband's property rights were to be adjudicated in the dissolution action. See Nethery v. Nethery, 212 So.2d 10 (Fla. 1st DCA 1968); Hennig v. Hennig, 162 So.2d 288 (Fla. 3d DCA 1964), cert. denied, 166 So.2d 754 (Fla. 1964); Webb v. Webb, 156 So.2d 698 (Fla. 3d DCA 1963).
Because the service of process was defective as to the husband's property rights, the trial court's jurisdiction to adjudicate those rights was not perfected. Because the trial court did not have jurisdiction to adjudicate the husband's property rights that portion of the final judgment awarding the husband's property rights to the wife was null and void. See generally, Annot., "Jurisdiction on Constructive or Substituted Service, in Divorce or Alimony Action, to Reach Property Within State," 10 ALR.3d 212, 244 (1966). Contrary to the trial court's observation, the void portion of the final judgment did not transfer title of the property to the wife.
Assuming that a judgment is null and void for lack of jurisdiction does a Rule 1.540(b) motion for relief not brought within a reasonable time have the effect of making a void judgment valid? The answer is "no." Florida Rule of Civil Procedure 1.540 was acknowledged by its drafters to be substantially the same as Federal Rule 60. Like a Rule 1.540 motion, a federal motion for relief from a void judgment must be made within a "reasonable time." However, federal courts have reasoned that since a void federal judgment can be collaterally attacked at any time and because the judgment sustaining the collateral attack would have to be given effect in a subsequent motion for relief to set aside the void judgment, the "reasonable time" limitation must generally mean no time limitation, although there may be exceptional circumstances where the reasonable time limitation would require diligence on the part of the movant. See 7 Moore's Federal Practice, ¶ 60.25[4] (2d Ed. 1983).
In DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984), the Florida Supreme Court held that a motion under Rule 1.540 attacking a judgment on the ground of intrinsic fraud must be made within one year after rendition. In addition to its holding the supreme court approved a chart which indicates that there is no time limitation for challenging a void judgment under Rule 1.540(b). Florida courts before and after the adoption of Florida Rule of Civil Procedure 1.540(b) have stated that a void judgment may be attacked "at any time" because such judgment creates no binding obligation upon the parties, is legally ineffective, and is a nullity. See Watkins v. Johnson, 139 Fla. 712, 191 So. 2 (1939); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Florida Power & Light Co. v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982); Tucker v. Dianne Elect., Inc., 389 So.2d 683 (Fla. 5th DCA 1980); T.J.K. v. N.B., 237 So.2d 592 (Fla. 4th DCA 1970).
Although the trial court's denial of the husband's motion for relief under rule 1.540 stated that the motion was not brought within a "reasonable time" it actually appears the trial court was concerned with the doctrine of laches as the court explicitly mentioned that granting the husband relief from the void judgment would prejudice the wife because she had made improvements to the property. However, we note that the wife was personally served with notice of hearing on the husband's 1979 motion challenging the validity of the property aspects of the final judgment *677 before she made the improvements that concerned the trial judge. The wife is in the position of any other joint tenant who makes improvements to jointly owned property. Whatever may be her rights and remedies, if any, as to such improvements, they cannot serve as a basis for terminating or denying the husband his property rights in and to the property.
Accordingly, we hold that the original final judgment in the dissolution action is null and void insofar as it purported or attempted to affect the husband's property rights in and to the property described in the dissolution complaint and that the husband and wife are tenants in common as to that property. The order denying the husband relief from the void judgment is
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] The trial court, being a circuit court, had subject matter jurisdiction over the intra-party property rights of the parties in the dissolution action in the correct sense, i.e., jurisdiction and authority to adjudicate that class of cases, and also had subject matter jurisdiction in the popular but less accurate sense, i.e., the property was physically located within the territorial limits of the jurisdiction of that particular circuit court. For a consideration of jurisdiction and the terms "subject matter", "invoked" and "perfected" see Florida Power and Light Co. v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982).