489 So.2d 758 (1986)
Arthur FALKNER and Syble Falkner, His Wife, Appellants,
v.
AMERIFIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Previously Known As First Federal Savings and Loan Association of Miami, a United States Corporation, Appellee.
No. 85-2292.
District Court of Appeal of Florida, Third District.
April 1, 1986.
Rehearing Denied May 20, 1986.
Arthur Falkner and Syble Falkner, Ft. Lauderdale, in prop. per.
Blackwell, Walker, Fascell & Hoehl and Diane H. Tutt, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiffs appeal from an order denying their motion to vacate and set aside orders of dismissal. We reverse.
The Falkners commenced this action, pro se, against Amerifirst Federal Savings and Loan Association (Amerifirst) for "restitution of monies paid" under a mortgage. AmeriFirst filed a motion to dismiss and notice of hearing which was concededly mailed to an incorrect address. The order of dismissal was granted at a hearing which the Falkners did not attend.[1] The Falkners testified, at a hearing on the motion to vacate, that they received a copy of *759 the motion to dismiss and notice of hearing after the hearing, and about the same time they received a copy of the order of dismissal. That testimony is undisputed.
Instead of moving to vacate the order of dismissal, the Falkners filed an amended complaint some five and one-half months later which AmeriFirst again moved to dismiss, asserting that the order of dismissal barred the filing of the amended complaint. Finding the first order of dismissal dispositive, the court entered an order dismissing the amended complaint. The Falkners' motion to vacate both orders of dismissal was denied. We held, in an earlier review of this case, that the dismissal of the Falkners' complaint constituted a final judgment in the cause and affirmed the judgment on res judicata grounds, without deciding whether the judgment could be set aside, pursuant to Florida Rule of Civil Procedure 1.540(b)(4), as void. Falkner v. Amerifirst Federal Savings and Loan Association, 467 So.2d 746 (Fla. 3d DCA 1985). We now consider that question.
A judgment entered without due service of process is void. See Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979); Grahn v. Dade Home Services, Inc. 277 So.2d 544 (Fla. 3d DCA 1973). On motion, a court may, at any time, relieve a party from a void final judgment. See Sams Food Store, Inc. v. Alvarez, 443 So.2d 211 (Fla. 3d DCA 1983); Tucker v. Dianne Electric, Inc. 389 So.2d 683 (Fla. 5th DCA 1980); McAlice. See also Ramagli Realty Co. v. Craver, 121 So.2d 648 (Fla. 1960) (the passage of time cannot make valid that which has been void).
The Falkners filed a sworn motion to vacate and set aside the orders of dismissal wherein they alleged lack of notice prior to a hearing on the motion to dismiss. Testimony in support of the motion to vacate was uncontroverted. Where the uncontroverted facts showed that the Falkners did not receive notice, the trial court was obligated to grant relief from the judgment as a matter of law.
Reversed and remanded.
BARKDULL, J., concurs.
DANIEL S. PEARSON, Judge, specially concurring.
I write separately because I believe that AmeriFirst's contention that the Falkners' Rule 1.540(b) motion was not made within a reasonable time should be addressed.
AmeriFirst correctly points out that Florida Rule of Civil Procedure 1.540(b) expressly provides that a motion made thereunder for any of the rule's enumerated reasons (among which is that "the judgment or decree is void") shall be made within a reasonable time.[2] Moreover, as AmeriFirst asserts, the holding in Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970), supports its contention that the rule means what it says.[3]
It appears, however, that, Osceola aside, it is universally agreed that, despite the "reasonable time" language of this and *760 virtually identical rules, a motion attacking a void judgment need not be made within a reasonable time and can, as the majority opinion concludes, be made at any time. Thus, as the Fifth District (ignoring Osceola) has held, Rule 1.540(b) does not mean what it says:
"Assuming that a judgment is null and void for lack of jurisdiction does a Rule 1.540(b) motion for relief not brought within a reasonable time have the effect of making a void judgment valid? The answer is `no.' ... [F]ederal courts have reasoned that since a void federal judgment can be collaterally attacked at any time and because the judgment sustaining the collateral attack would have to be given effect in a subsequent motion for relief to set aside the void judgment, the `reasonable time' limitation must generally mean no time limitation, although there may be exceptional circumstances where the reasonable time limitation would require diligence on the part of the movant. See 7 Moore's Federal Practice ¶ 60.25[4] (2d Ed. 1983).
"In DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984), the Florida Supreme Court ... approved a chart which indicates that there is no time limitation for challenging a void judgment under Rule 1.540(b). Florida courts before and after the adoption of Florida Rule of Civil Procedure 1.540(b) have stated that a void judgment may be attacked `at any time' because such judgment creates no binding obligation upon the parties, is legally ineffective, and is a nullity."

Whigham v. Whigham, 464 So.2d 674, 676 (Fla. 5th DCA), pet. for rev. denied, 475 So.2d 696 (Fla. 1985).
Whigham is consistent with every other pronouncement on the subject by courts construing Federal Rule of Civil Procedure 60(b), from which Florida's Rule 1.540(b) derives.[4]See Whitney-Forbes, Inc. v. Coar, 770 F.2d 692 (7th Cir.1985) (reasonable time requirement of Rule 60(b) does not apply to motion under (b)(4)); V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 n. 9 (10th Cir.1979) (since a void judgment is a nullity from the outset "any 60(b)(4) motion for relief is therefore filed within a reasonable time"); Misco Leasing, Inc. v. Vaughan, 450 F.2d 257, 260 (10th Cir.1971) ("it does not appear that the motion under Rule 60(b) must be filed within any particular time limit if the judgment is indeed a nullity"); Taft v. Donellan Jerome, Inc., 407 F.2d 807 (7th Cir.1969) (under Rule 60(b)(4) a void judgment may be attacked at any time); Austin v. Smith, 312 F.2d 337, 343 (D.C. Cir.1962) (Rule 60(b) "places no time limit on an attack upon a void judgment, nor can such a judgment acquire validity because of laches on the part of him who applies for relief from it"). See also Bookout v. Beck, 354 F.2d 823 (9th Cir.1965) (dictum that reasonable time requirement of Rule 60(b) may not apply to void judgment); Yanow v. Weyerhaeuser Steamship Co., 274 F.2d 274 (9th Cir.1959) (same). Likewise, other state courts construing rules patterned after Federal Rule 60(b) hold without exception that laches cannot breathe life into a judgment void at its inception and that the "reasonable time" language of their rules does not apply to motions to set aside void judgments. See Calasa v. Greenwell, 633 P.2d 553 (Hawaii Ct.App. 1981); Barkley v. Toland, 7 Kan. App. 2d 625, 646 P.2d 1124 (1982); Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 448 N.E.2d 1293, rev. denied, 451 N.E.2d 1167 (Mass. 1983); Reynaud v. Koszela, ___ R.I. ___, 473 A.2d 281 (1984). See also 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2862 and cases at 52 nn. 75, 76 (Supp. 1985); 7 J. Moore, Moore's Federal Practice ¶ 60.25[4] (2d ed. 1985).
In sum, then, "[i]t is well established ... that, despite what a literal reading of the rule would suggest, the `reasonable time' *761 limitation does not apply to a motion under clause (4) attacking a judgment as void." Practical Concepts, Inc. v. Republic of Bolivia, 613 F. Supp. 863, 866 (D.D.C. 1985). Since the judgment sought to be set aside in the present case was void, the motion to set it aside was not subject to AmeriFirst's claim of untimeliness.
NOTES
[1] The order was amended five days later to delete the words "with prejudice," the court intending, obviously, that the dismissal should be without prejudice. Appellee notes here, correctly, that the amendment was without "legal import."
[2] In pertinent part, the rule reads:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken... . (emphasis supplied).
[3] The court in Osceola declared that a motion seeking to set aside a void judgment, although not subject to the rule's one-year limitation, "must be brought within a reasonable time," 238 So.2d at 480 (emphasis in original).
[4] Rule 60(b) contains the identical requirement that motions made thereunder, including a motion to set aside a void judgment be made within a reasonable time. The construction given Federal Rule 60(b) by the federal courts is persuasive authority for construing Florida Rule 1.540(b). See Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983), pet. for rev. dismissed, 458 So.2d 271 (Fla. 1984).