512 So.2d 1129 (1987)
Eva A. KENNEDY, Appellant,
v.
Barry C. RICHMOND and Thomas J. Wareham, d/b/a B & C Remodelers, Appellees.
No. 4-86-2778.
District Court of Appeal of Florida, Fourth District.
September 23, 1987.
*1130 Bart T. Heffernan of Musselman, Reinhardt, Welch & Korthals, Pompano Beach, for appellant.
William D. Beamer, Fort Lauderdale, for appellee Thomas J. Wareham.
PER CURIAM.
Eva A. Kennedy, plaintiff below, appeals the trial court's order vacating a final judgment against the defendant Thomas Wareham. We affirm.
Appellant originally filed an action for breach of contract against Barry C. Richmond and Thomas J. Wareham, d/b/a B & C Remodelers. An answer was filed, purportedly on behalf of both defendants, but it was later determined that the attorney who prepared the answer had never been retained by Wareham.
The case was set for trial and was heard in the absence of both defendants, after which final judgment was entered against them. Thereafter, Wareham filed a motion to vacate the judgment, contending that he had not received notice of the lawsuit until after the final judgment had been rendered.
The record contains no indication that Wareham was ever personally served with a copy of a summons or the complaint. A return of service document indicates that a copy of the summons and complaint was purportedly served on Wareham at 920 N. Federal Highway, Pompano Beach, Florida. A handwritten notation on the return of service states, "Served Barry Richmond authorized to accept papers." However, there was no showing by what authority Richmond was authorized to accept service for Wareham, and Wareham testified at the hearing on the motion to vacate the judgment that he had never had any connection with the office facility located at the indicated address.
Even if Richmond and Wareham were business partners, any service on Richmond was ineffective as to Wareham personally, for although service of process on one partner is sufficient to give a court jurisdiction over the partnership and to enable it to render a judgment binding the partners served and the partnership property, a judgment after service on fewer than all the partners will not be given the effect of a personal judgment against partners not actually served. See Florida Brewing Co. v. Sendoya, 73 Fla. 660, 74 So. 799 (1917); Fidelity and Casualty Co. of New York v. Homan, 116 So.2d 444 (Fla. 2d DCA 1959).
Appellant contends that appellee failed to establish excusable neglect, a meritorious defense and due diligence in moving to set aside the judgment as required by rule 1.540(b)(1), Florida Rules of Civil Procedure. Review of appellee's motion to vacate the judgment, however, indicates that it was made not on the grounds of excusable neglect, but pursuant to rule 1.540(b)(4), on the grounds that the judgment was void for lack of notice of the lawsuit. A judgment entered without service of process is void and will be set aside and stricken from the record on motion at any time. Falkner v. Amerifirst Savings and Loan, 489 So.2d 758 (Fla. 3d DCA 1986). That appellee's motion to vacate was brought almost a year after the final judgment was rendered, therefore, is of no consequence.
We conclude that there was sufficient evidence before the trial court for it to conclude that this case had proceeded to trial without notice to appellee, and that therefore the final judgment as to him individually should be vacated. Appellant has *1131 not shown that the trial court abused its discretion.
AFFIRMED.
HERSEY, C.J., and DELL and STONE, JJ., concur.