654 So.2d 202 (1995)
Haim POLANI and Varda Polani, Appellants,
v.
Bobby C. PAYNE and Dorothy Payne for Use and Benefit of PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellees.
No. 93-0392.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
*203 Steven Goerke of Steven Goerke, P.A., Hollywood, for appellants.
R.A. Nunez, Miami Lakes, for appellees.
DELL, Chief Judge.
Haim and Varda Polani (appellants) appeal from an order denying their motion to vacate a default final judgment filed pursuant to rule 1.540(b), Florida Rules of Civil Procedure. They contend the trial court erred in denying their motion because lack of notice had rendered the judgment void. We agree and thus reverse.
In 1988, Bobby and Dorothy Payne, for the use and benefit of Prudential Property & Casualty Insurance Company, (appellees) sued appellants for damages resulting from an automobile accident.[1] Appellees effected service on appellants at 20314 N.E. 34th Court in North Miami Beach, Florida. Appellants responded with an answer and affirmative defenses. On July 10, 1990, the trial court mailed the pretrial order and order setting trial to appellants' attorney.
Subsequently, counsel for appellants filed a motion to withdraw asserting that for months he had been unable to directly communicate with appellants, although he had indirectly communicated with them through Haim Polani's partner, Elihu Ben Aziz. On September 5, 1990, the trial court granted counsel's motion to withdraw and ordered that all future pleadings and correspondence be sent to appellants in care of Elihu Ben Aziz at his North Miami Beach address. On October 11, 1990, appellees' attorney sent a notice of hearing on appellees' motion for final judgment to appellants' former address, rather than mailing notice to the address specified in the court order. Thereafter, appellants' failure to appear culminated in the trial court's entry of a default final judgment against them.
Almost two years later, appellants obtained new counsel who filed a rule 1.540(b) motion to set aside the default final judgment on the ground that it was void for lack of notice. In the affidavit accompanying the motion, Haim Polani asserted that neither he nor his wife had received notice of the hearing, that in October 1990 neither lived at the address where appellees served notice and that they had resided in a foreign country for most of the previous two years. He further attested that he had become aware of the final judgment only recently when denied a driver's license renewal, and "[h]ad notice been provided at the address set forth in this Court's Order on Alan L. Arons' Motion to Withdraw, my wife and I would have presently [sic] our defenses to this action."
Appellees opposed the motion based on the passage of time, appellants' failure to monitor the status of the pending action and appellants' failure to assert that they had a meritorious defense to the entry of the final judgment. Appellees argue for the first time on appeal that there is no evidence appellants would have received the notice had it been sent to the address specified in the court order.
In Watson v. Watson, 583 So.2d 410 (Fla. 4th DCA 1991), this court reversed the entry of a final judgment following the trial court's failure to send notice of the pretrial hearing and nonjury trial to the correct address. This court explained:
It is well settled that a judgment entered without notice to a party is void. As we stated in Taylor v. Bowles, 570 So.2d 1093, 1094 (Fla. 4th DCA 1990), "[w]hen a party has no notice of a trial date, the trial court abuses its discretion when it proceeds with a final hearing."
Watson, 583 So.2d at 411 (citations omitted); accord Pecille v. Broward Restaurant Equip. Exchange, Inc., 639 So.2d 997 (Fla. 4th DCA 1994) (reversing final judgment where notice of hearing resulting in the final judgment was sent to an incorrect address). Here, appellees sent notice of the hearing that resulted in the default final judgment to the incorrect address. As a result, appellants failed to receive notice and the final judgment *204 is void. See Pecille, 639 So.2d at 997; Watson, 583 So.2d at 411.
We reject appellees' contention that appellants failed to timely file their motion to set aside the final judgment. Although rule 1.540(b) imposes a one-year limitations period for filing certain motions to vacate, parties seeking relief from a judgment that is void are subject only to a "reasonable time" requirement. Rule 1.540(b), Fla.R.Civ.P. (1994); Osceola Farms Co. v. Sanchez, 238 So.2d 477, 479 (Fla. 4th DCA 1970). Based on Mr. Polani's statement in his affidavit, he learned of the default judgment when attempting to renew his driver's license, and then he and his wife promptly filed their motion to vacate. Appellees did not contest that assertion or present contrary evidence to the trial court, and in the absence of same, we must hold that the trial court erred when it failed to vacate the default final judgment.
Accordingly, we reverse the trial court's order denying appellants' motion to vacate the default final judgment and remand this cause for further proceedings.
REVERSED and REMANDED.
STONE and STEVENSON, JJ., concur.
NOTES
[1] The parties provided this court with an approved statement of the lower court proceedings pursuant to rule 9.200, Florida Rules of Appellate Procedure (1994).