711 So.2d 1268 (1998)
DEL CONTE ENTERPRISES, INC., Appellant,
v.
THOMAS PUBLISHING COMPANY, d/b/a Thomas Register of American Manufacturers, Appellee.
No. 97-2793.
District Court of Appeal of Florida, Third District.
May 20, 1998.
Rehearing Denied July 1, 1998.
*1269 Andrew Merlo, and Steven Serle, Boca Raton, for appellant.
Steven B. Sprechman, North Miami Beach, and Stacey S. Fisher, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
PER CURIAM.
Appellant, Del Conte Enterprises, Inc. (the "appellant") appeals the denial of a motion to vacate an amended consent final judgment entered in favor of appellee, Thomas Publishing Company ("Thomas Publishing"). We reverse, because the lack of proper service rendered the judgment void, and relief from a void judgment can be granted at any time.
In June of 1991, the appellant sold the trade name "Del Conte Enterprises" to Boyd Industrial Products, Inc. ("Boyd"). Thereafter, Boyd, doing business as "Del Conte Enterprises," contracted with Thomas Publishing for advertising services. In October of 1994, Thomas Publishing filed suit against Boyd and "Del Conte Enterprises, Inc." for nonpayment. Thomas Publishing never served the appellant or its actual registered agent. Subsequently, Boyd's president entered into a stipulation for settlement with Thomas Publishing on behalf of Boyd and "Del Conte Enterprises, Inc." (the corporation which was never served). A few months later, Boyd defaulted on payments under the stipulation and an amended consent final judgment was entered against Boyd and "Del Conte Enterprises, Inc."
Once the appellant learned of the amended consent final judgment entered in its name, it sent a series of letters to Thomas Publishing demanding the judgment be vacated. Thomas Publishing refused. Over one year later, the appellant filed a motion to vacate the judgment, alleging lack of service of process and that the judgment was procured through fraud. Thomas Publishing responded that the appellant failed to timely move against the judgment. The trial court agreed that the judgment was void or voidable, but denied the motion because it was not filed within a reasonable time.
It is well settled that a judgment entered without due service of process is void. See Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986). It is also well settled that Florida Rule of Civil Procedure 1.540(b)(4) permits motions for relief from void judgments to be filed at any time. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984); Wyatt v. Haese, 649 So.2d 905 (Fla. 4th DCA 1995); Falkner, 489 So.2d at 758; Whigham v. Whigham, 464 So.2d 674, 676 (Fla. 5th DCA), review denied, 475 So.2d 696 (Fla.1985); Outler v. Berman 234 So.2d 724 (Fla. 3d DCA 1970). Thus, the fact the appellant moved to vacate over one year after the entry of judgment is irrelevant. See Polani v. Payne for Use and Benefit of Prudential Property & Cas. Ins. Co., 654 So.2d 202 (Fla. 4th DCA 1995)(granting relief despite two year delay in filing motion); Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988) (same).
Accordingly, as the uncontroverted facts show that the judgment against the appellant was entered without due service of process, the judgment was void and the trial court was obligated to grant relief from the judgment as a matter of law. See Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987); Falkner, 489 So.2d at 758. Thus, the case is remanded with instructions for the trial court to vacate the judgment against the appellant.
Reversed and remanded with instructions.