769 So.2d 1079 (2000)
M.L. BUILDERS, INC. and Matthew A. Ward, Appellants,
v.
RESERVE DEVELOPERS, LLP, Appellee.
No. 4D99-2616.
District Court of Appeal of Florida, Fourth District.
September 20, 2000.
Rehearing Denied November 14, 2000.
*1080 Bruce Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, and Guy Bennett Rubin of Rubin & Rubin, Stuart, for Appellant-Matthew A. Ward.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Nelson, P.A., West Palm Beach, for appellee.
STEVENSON, J.
This is an appeal from an order denying a motion to vacate a void final judgment. We reverse.
Appellee filed a suit for fraudulent lien and slander of title against M.L. Builders, Inc. and its president, Matthew Ward, individually. Service of process was never effected on Ward. Although several attorneys filed pleadings on behalf of M.L. Builders and Ward, the record discloses that those attorneys were retained for M.L. Builders but had no authority to represent Ward individually. A default was entered on the complaint, and the cause proceeded to a non-jury trial on damages which resulted in a final judgment. Matthew Ward filed a motion to vacate the final judgment on the ground that he had not been served with process. The trial court denied the motion to vacate, concluding that the motion was "unreasonably delayed" since appellant learned of the judgment on September 1, 1998, but did not file his motion to vacate until some nine months later on May 4, 1999. Because a judgment entered without service of process on the defendant is void and may be attacked at any time, we reverse. See Ramagli Realty Co. v. Craver, 121 So.2d 648 (Fla.1960); Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987); Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986).
The facts in Kennedy v. Richmond are similar to those in the instant case. The plaintiff, Eva Kennedy, brought an action for breach of contract against Barry Richmond and Thomas Wareham, d/b/a B & C Remodelers. See 512 So.2d at 1130. The defendant, Thomas Wareham, was never served with a copy of the complaint. An answer had been filed on behalf of Wareham by an attorney, but it was later determined that this attorney represented *1081 Wareham's business partner, Thomas Richmond, and had never been retained to represent Wareham. The case was set for trial and heard in the absence of both defendants, after which the trial court entered final judgment against them. In affirming the trial court's order vacating the personal judgment against Wareham, this court stated:
A judgment entered without service of process is void and will be set aside and stricken from the record on motion at any time. Falkner v. Amerifirst Federal Savings and Loan, 489 So.2d 758 (Fla. 3d DCA 1986). That appellee's motion to vacate was brought almost a year after the final judgment was rendered, therefore, is of no consequence.
512 So.2d at 1130.
In support of the trial court's order denying the motion to vacate, appellee relies on two cases from this court, Polani v. Payne ex rel. Prudential Property & Casualty Insurance Co., 654 So.2d 202 (Fla. 4th DCA 1995), and Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970), disapproved on other grounds by Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971). In both Polani and Osceola, the court, when considering motions to vacate void judgments, analyzed the timeliness of the motions using the reasonable time standard. In Polani, notice of the final hearing for default judgment against the appellants was sent to their former address, not the address specified in the order granting their attorney's motion to withdraw, and appellants never received notice of it. The defendants in Polani sought relief almost two years after the judgment was rendered when they learned of the judgment through the denial of a driver's license renewal. See 654 So.2d at 204. The appellees opposed the motion to vacate based on the passage of time and other reasons; the trial court denied the motion to vacate. On appeal, this court reversed the trial court's order denying the motion to vacate the void judgment:
We reject appellees' contention that appellants failed to timely file their motion to set aside the final judgment. Although rule 1.540(b) imposes a one-year limitations period for filing certain motions to vacate, parties seeking relief from a judgment that is void are subject only to a "reasonable time" requirement. Rule 1.540(b), Fla. R. Civ. P. (1994); Osceola Farms Co. v. Sanchez, 238 So.2d 477, 479 (Fla. 4th DCA 1970). Based on Mr. Polani's statement in his affidavit, he learned of the default judgment when attempting to renew his driver's license, and then he and his wife promptly filed their motion to vacate.
Polani, 654 So.2d at 204.
In Osceola, the final judgment was declared void because the defaulted defendant received no notice of the trial on damages, and the defendant first learned of the judgment when plaintiff sought execution on it. See 238 So.2d at 480. The motion to vacate was filed in April of 1969, over a year after the final judgment was entered in March of 1968. See id. The court in Osceola went on to state that the motion to vacate the void judgment there had been made within the reasonable time requirement of the rule.
The final judgment entered upon default in this case awarding unliquidated damages without affording the defaulting party notice and opportunity to be heard is a void judgment. Under the specific provisions of rule 1.540(b) R.C.P., a motion to set aside a final judgment bottomed upon the reason that the judgment is void is not subject to the one-year limitation but must be brought within a reasonable time. We glean from the record that defendant's motion to set aside default and final judgment was filed when knowledge first came to the defendant that the plaintiff was seeking satisfaction of the final judgment. Such, in our opinion, is within the reasonable time requirement of the rule.
*1082 Osceola, 238 So.2d at 480 (emphasis in original).
While it is true that Rule 1.540(b)(4) states that a motion for relief from a void judgment must be made within a "reasonable time," most courts have felt constrained to interpret the "reasonable time" requirement of the rule to mean no time limit when the judgment attacked is void:
Assuming that a judgment is null and void for lack of jurisdiction does a Rule 1.540(b) motion for relief not brought within a reasonable time have the effect of making a void judgment valid? The answer is "no." Florida Rule of Civil Procedure 1.540 was acknowledged by its drafters to be substantially the same as Federal Rule 60. Like a Rule 1.540 motion, a federal motion for relief from a void judgment must be made within a "reasonable time." However, federal courts have reasoned that since a void federal judgment can be collaterally attacked at any time and because the judgment sustaining the collateral attack would have to be given effect in a subsequent motion for relief to set aside the void judgment, the "reasonable time" limitation must generally mean no time limitation, although there may be exceptional circumstances where the reasonable time limitation would require diligence on the part of the movant. See 7 Moore's Federal Practice, ¶ 60.25[4] (2d Ed.1983).
Whigham v. Whigham, 464 So.2d 674, 676 (Fla. 5th DCA 1985). See also Del Conte Enters., Inc. v. Thomas Pub. Co., 711 So.2d 1268 (Fla. 3d DCA 1998); Falkner, 489 So.2d at 758. In addition, in DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), the Florida Supreme Court approved a chart which indicates that there is no time limitation for attacking a void judgment under Rule 1.540(b).
As we did in Kennedy v. Richmond, we once again affirm that we agree with those cases, which, like Whigham and Falkner, hold that a motion to vacate a void judgment under Rule 1.540 may be made at any time. While there is language in Polani and Osceola which can be interpreted as holding that a particular limitation applies to the time in which a motion to vacate a void judgment must be filed, those cases are, to that extent, inconsistent with Florida Supreme Court authority:
A void judgment is a nullity, ... and is subject to collateral attack and may be stricken at any time. The passage of time cannot make valid that which has always been void but it can and often does render valid that which was merely voidable or erroneously entered.
Ramagli Realty Co., 121 So.2d at 654 (footnotes omitted).
Appellee further maintains that the trial judge's order in the instant case should be affirmed since, unlike the defendants in cases like Polani and Osceola, Ward did not promptly file his motion to vacate upon finding out about the judgment, but instead, waited almost eight months. For all of the reasons previously discussed, we do not agree that the length of the delay in filing a motion to vacate after learning of the entry of a void judgment is legally significant since it is well established that the passage of time cannot make valid that which has been void from the beginning. See Ramagli Realty Co. v. Craver. For instance, in Del Conte Enterprises, Inc. v. Thomas Publishing Co., 711 So.2d 1268 (Fla. 3d DCA 1998), the defendant filed a motion to vacate an amended final judgment which was entered against it although the defendant had not been served with process. Upon learning of the final judgment, the defendant communicated informally with the plaintiff in an attempt to have the judgments vacated, but did not file a motion to vacate the judgment until over one year later. The plaintiff, Thomas Publishing Company, responded that the defendant had not timely moved to vacate the judgment. The trial court agreed that the judgment was void, but denied the motion to vacate because it was not filed within a reasonable time. The Third District *1083 reversed and stated that because the judgment was entered without service of process and was void, the fact that appellant moved to vacate the judgment over one year after learning of it was "irrelevant." Id. at 1269. Accord Greisel v. Gregg, 733 So.2d 1119, 1121 (Fla. 5th DCA 1999)(reversing order denying motion to vacate void judgment, despite trial court's finding that six-year delay in filing the motion to vacate after defendant learned of the judgment was "unconscionable").
Accordingly, we reverse and remand with instructions for the trial court to vacate the judgment against Matthew Ward.
REVERSED and REMANDED.
FARMER and TAYLOR, JJ., concur.