829 So.2d 953 (2002)
Donte Terrell CARTER, Appellant,
v.
LIL' JOE RECORDS, INC. and Lil' Joe Wein Music, Inc., Appellees.
No. 4D01-1492.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Paul R. Regensdorf of Akerman, Senterfitt & Eidson, P.A., Fort Lauderdale and Andrea Stone Hartley of Akerman, Senterfitt & Eidson, P.A., Miami, for appellant.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellant's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Appellant, Donte Terrell Carter, appeals a trial court's order denying his motions to set aside default and default judgment. We reverse the trial court order because service of process was insufficient as a matter of law.
Appellant, a songwriter and aspiring rap star, entered into a contract with appellee, Lil' Joe Records, Inc. (Lil' Joe), to compose and record music. After executing the contract, Lil' Joe learned that appellant had pending felony charges in Texas. He had also been arrested in Ohio and was facing criminal prosecution in that state. Lil' Joe filed suit against appellant on October 26, 2000, including a breach of contract count.
At the time this action was filed, appellant was incarcerated in Ohio. Lil' Joe served appellant with process by sending a copy of the summons and complaint to Ernestine C. Bell, the deputy sheriff for Lorain County, Ohio, to be served upon appellant at the Lorain Correctional Institution. In the affidavit of service, Bell stated that on November 8, 2000, she "served Donte Terrell Carter by personally handing to Sue Herb, Wardens Secretary, a true copy thereof with all the endorsements thereon together with accompanying *954 documents." Despite Bell's efforts, appellant did not receive the summons and complaint until November 27.
On November 28, Lil' Joe filed for judicial default. A default was awarded by the trial court on December 12. Thereafter, on December 21, the court granted Lil' Joe a default final judgment. On January 3, 2001, appellant filed a motion to set aside default, in which he alleged improper service of process as a matter of law and, in the alternative, excusable neglect, meritorious defenses, and due diligence. Appellant attached a copy of the summons which directed that process be served upon him at the Lorain Correctional Institution, a copy of a letter between respective counsel, and a note indicating delayed receipt of the summons and complaint.[1] He also referenced Bell's affidavit of service. After a hearing, the trial court denied appellant's motion to set aside default.
Appellant contends that the manner of service was improper as a matter of law. We agree. It is well established in Florida that:
The object to be accomplished by service of process is to advise the defendant that an action has been commenced against him and warn him that he must appear within a certain time and at a certain place to make such a defense as he has. Jurisdiction is perfected by the proper service of sufficient process. Chapter 48, Florida Statutes, regulates process and service of process. These statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings. The burden of proving the validity of service of process is on the plaintiff. Abbate v. Provident Nat'l Bank, 631 So.2d 312, 313 (Fla. 5th DCA 1994) (citations omitted). "A judgment entered without due service of process is void." Falkner v. Amerifirst Fed. Savs. & Loan Ass'n, 489 So.2d 758, 759 (Fla. 3d DCA 1986).
Section 48.031(1)(a), Florida Statutes (2000), states:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
In addition to the procedure set forth in section 48.031, this state has specifically set forth the proper method for service of process on prisoners. Section 48.051, Florida Statutes (2000), states that "[p]rocess against a state prisoner shall be served on the prisoner." Because service of process outside of Florida shall be made in the same manner as service within this state, section 48.194(1), Florida Statutes (2000), the process server was required to comply with section 48.051 in order to perfect service. By handing the summons and complaint to the Warden's Secretary instead of serving process on appellant, the prisoner, Lil' Joe failed to obtain personal jurisdiction over appellant.
Section 48.051 does not contemplate a form of substituted service. Furthermore, if there is a proper form of substituted service on a state prisoner, there is no indication that the Wardens Secretary would be a person authorized to accept service of process on behalf of such prisoner.[2] Based upon the plain meaning of *955 section 48.051 and our practice of strictly construing statutes governing service of process, we agree with appellant that service was improper as a matter of law.
We therefore hold that the trial court erred in failing to vacate the default and default judgment. The order appealed is hereby reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
SHAHOOD, TAYLOR, JJ., and ANGELOS, CYNTHIA, Associate Judge, concur.
NOTES
[1] Appellant attached a copy of the summons, a letter from Lil' Joe's counsel stating that Lil' Joe would proceed in accordance with the judicial default, and a copy of the final page of the recording contract which contained a handwritten message that the summons and complaint were delivered to appellant on November 27.
[2] In Shurman v. Atlantic Mortgage & Inv. Corp., 795 So.2d 952 (Fla.2001), the supreme court held that a prisoner's "usual place of abode" is the prison where he was actually living at the time of service of process. Id. at 955. It was therefore improper to effect service on Shurman by substituted service on his wife, at the home where they had resided together before Shurman's incarceration. See id. The majority in Shurman, however, did not decide whether service on appellant by way of substituted service on a prison employee was improper as a matter of law. But see id. at 956-57 (Wells, C.J., concurring)(concluding that the decision should have been controlled by the plain meaning of section 48.051, without reliance on section 48.031(1)(a)).