860 So.2d 1027 (2003)
Walter W. LEIPUNER, Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), Appellee.
No. 5D02-3282.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
Patrick M. Magill, Orlando, for Appellant.
Aaron R. Wolfe of Doran, Wolfe, Rost & Ansay, Daytona Beach, for Appellee.
THOMPSON, J.
Walter W. Leipuner appeals an order denying his motion to vacate a judgment. We affirm.
In 1986, a final money judgment was entered against Leipuner. In June 2002, Leipuner moved for vacation of the judgment on the ground that it was void because the court had lacked personal jurisdiction over Leipuner. The record contains a return of service of process showing that Leipuner was served at an address on Atlantic Avenue in New Smyrna Beach, Florida on 31 October 1985. In his affidavit in support of the motion, Leipuner stated that although the record contained a return of service, he was residing in Costa Rica in 1985 and 1986, so he could not have been served in Florida. He also stated that he had been informed that an attorney named William Henderson entered an appearance on his behalf, but that Leipuner did "not recall retaining said attorney for that purpose."
A judgment entered without due service of process is void. Carter v. Lil' *1028 Joe Records, Inc., 829 So.2d 953 (Fla. 4th DCA 2002). An evidentiary hearing is required where the allegations of an affidavit in support of a motion for relief from judgment, if proven, would establish that the judgment is void. See Monsour v. Balk, 705 So.2d 968 (Fla. 2d DCA 1998) (ordering trial court to hold evidentiary hearing to determine if allegations of affidavit were true). In the instant case, Leipuner has not established a basis for relief because even if the allegations in his affidavit were true, they would not establish that the judgment is void. First, he does not deny that he was served process; the fact that he may have resided in Costa Rica during the relevant period does not mean that on 31 October 1985 he was not at the address on Atlantic Avenue cited in the return of service. Furthermore, the affidavit does not refute the record showing that an attorney appeared for him and that therefore any defect in or lack of service was waived. Participation in the proceedings amounts to a general appearance, and thereby constitutes a waiver of any alleged defects in service or in jurisdiction. Martin v. Ullman, 555 So.2d 1232 (Fla. 3d DCA 1989).
AFFIRMED.
PLEUS and TORPY, JJ., concur.