973 So.2d 1236 (2008)
Timothy D. JOHNSON, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, on behalf of Daishai D. LAMONTAGNE, Appellee.
No. 1D07-3302.
District Court of Appeal of Florida, First District.
January 24, 2008.
*1237 Timothy D. Johnson, pro se, Appellant.
Albert Thornburn, Department of Revenue, Child Support Enforcement, Tallahassee, for Appellees.
BENTON, J.
Timothy Johnson appeals the order denying his motion to vacate a default final judgment of paternity entered against him in 1994, which adjudicated him the father of a child born in 1991. The sworn motion and attached affidavit alleged that appellant was never served with process and did not learn of the action until after the trial court entered judgment. Without a hearing, the trial court denied the motion, on grounds that the appellant had made a voluntary appearance by filing various motions relating to the 1994 paternity judgment between 1995 and 2006.[1] We reverse and remand for further proceedings.
We have jurisdiction because the order below was "entered on [a] motion [] filed under Florida Rule of Civil Procedure 1.540 . . . and Florida Family Law Rule of *1238 Procedure 12.540." Fla. R.App. P. 9.130(a)(5) (2007). In the trial court, the rule provides that "Florida Rule of Civil Procedure 1.540 shall govern." Fla. Fam. L.R.P. 12.540. According to the order under review, at no previous time since "the inception of this case . . . has defendant sought to have the final judgment vacated," so the matter is not res judicata.
On proper motion, trial courts must set aside void judgments pursuant to Florida Rule of Civil Procedure 1.540(b)(4). See Dep't of Transp. v. Bailey, 603 So.2d 1384, 1386-87 (Fla. 1st DCA 1992) ("If it is determined that the judgment entered is void, the trial court has no discretion, but is obligated to vacate the judgment."). Although a motion to set aside a judgment must be filed "within a reasonable time," see Fla. R. Civ. P. 1.540(b) (2007), because the mere passage of time cannot make a void judgment valid, a motion to vacate a judgment as void may "reasonably" be filed many years after the judgment was entered. See M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1082 (Fla. 4th DCA 2000) (citing Ramagli Realty Co. v. Craver, 121 So.2d 648, 654 (Fla.1960)). See also DeClaire v. Yohanan, 453 So.2d 375, 379 (Fla.1984) (stating that no time limitation exists for a motion filed under rule 1.540(b) to vacate a void judgment), superseded by rule on other grounds as stated in Lefler v. Lefler, 776 So.2d 319, 322 n. 1 (Fla. 4th DCA 2001); Greisel v. Gregg, 733 So.2d 1119, 1121 (Fla. 5th DCA 1999); Del Conte Enters. v. Thomas Publ'g Co., 711 So.2d 1268, 1269 (Fla. 3d DCA 1998).
The record does not refute appellant's claims that he was not served with process and had no knowledge that a paternity action had been commenced against him until after the court adjudged him the father of the child. If appellant can carry his burden of proof, his failure to move for relief from judgment until 2007, standing alone, is no bar to his obtaining such relief. See, e.g., Greisel, 733 So.2d at 1121 (holding that a party's failure to move to vacate a default judgment until six years after learning of entry of the judgment did not preclude challenge to the judgment as void because a void judgment "creates no binding obligation on the parties, is legally ineffective and is a nullity," and "may be attacked at any time"). Because a judgment entered by a court lacking jurisdiction over the person of the party against whom the judgment purports to run is a legal nullity, it may be set aside as void at any time. See Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So.2d 658, 663-66 (Fla. 2d DCA 2007); M.L. Builders, 769 So.2d at 1082; Del Conte, 711 So.2d at 1269 ("It is well settled that a judgment entered without due service of process is void.").
The trial court denied the motion below on the ground that appellant had made appearances in 1995 and 1997albeit after the court had entered the 1994 paternity judgmentand filed "numerous pleadings, motions and written requests in this matter" between 1997 and 2006, but never in any of them "sought to have the final judgment vacated." Appellant concedes that he appeared after entry of the judgment and filed "mis-advised pleadings in 2005 relating to his not being the father of the child," but argues that all of his prior positions are consistent with his current jurisdictional argument and that he should not be deemed to have waived his right to challenge the judgment as void.[2] *1239 Although appellant failed to file a motion to vacate earlier, neither the order under review nor the record on appeal demonstrates that he failed to raise the issue of service of process in a timely and consistent manner.
A party may forfeit the right to seek relief even from a void judgment if the party's actions or statements have had the effect of ratifying the judgment or conceding its propriety. See Starks v. Howard, 611 So.2d 52, 53-54 (Fla. 3d DCA 1992) (holding party alleging he never received notice of paternity action waived right to challenge final judgment of paternity on grounds of insufficiency of process by admitting paternity in subsequent proceedings). See also MacDougall v. Kutina, 798 So.2d 30, 32 (Fla. 4th DCA 2001) (holding former husband waived any challenge to default final judgment of marital dissolution on grounds of defective service of process by failing to raise the issue in later contempt proceedings arising out of his failure to pay alimony, at which he stated that "he had no problem with paying the rehabilitative alimony" and asked for additional time in which to pay). Appellant can prevail only if he has not previously "manifested an intention to treat the judgment as valid," assuming as we do that "[g]ranting the relief would impair another person's substantial interest of reliance on the judgment." Restatement (Second) of Judgments 66 (1980). But the trial court has not found and the record before us does not reveal any intention on Mr. Johnson's part to treat the paternity judgment as valid.
We have held, moreover, that, although a court has already entered judgment, a party waives the right, to contest personal jurisdiction by entering a general appearance without contesting personal jurisdiction at the same time. See Caldwell v. Caldwell, 921 So.2d 759, 760 (Fla. 1st DCA 2006) (holding party lost right to contest default final judgment on grounds of defective service of process by entering general appearance without simultaneously contesting service of process or raising issue of personal jurisdiction); Dep't of Revenue ex rel. King v. Blocker, 806 So.2d 607, 609-10 (Fla. 4th DCA 2002) (holding party waived insufficient service of process as grounds to challenge a final judgment of paternity by appearing in subsequent contempt proceedings (for non-payment of child support) at which, while contesting paternity, he did not deny receiving process, conceding instead that he "[c]ould have been" served). See also Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005). On the record before us, we find no general appearance or other action conceding even by implication the validity of service of process on Mr. Johnson, nor did the trial court find otherwise.
In sum, absent record refutation of allegations in the motion for relief from judgment, allegations which "if proven, would establish that the judgment is void," the trial court must conduct an evidentiary hearing. Leipuner v. Fed. Deposit Ins. Corp., 860 So.2d 1027, 1028 (Fla. 5th DCA 2003); see also Pallai v. Dep't of Revenue ex rel. Tipton, 955 So.2d 1205, 1206 (Fla. 2d DCA 2007) (reversing trial court's order denying a motion to vacate a 1992 paternity judgment alleged to be void and remanding the matter to the trial court for an evidentiary hearing on, among other things, issues of personal service and jurisdiction). Nothing in the record refutes appellant's contention that the trial court lacked personal jurisdiction over him when it entered the paternity judgment in 1994. *1240 Nor does this record show that appellant "manifested an intention to treat the judgment as valid" in any appearance he made before filing the present motion. See Restatement (Second) of Judgments § 66 (1980).
Reversed and remanded.
WOLF and PADOVANO, JJ., concur.
NOTES
[1] Appellee Department of Revenue neither responded to appellant's motion below nor filed an answer brief in this court. Accordingly, pursuant to our order of October 19, 2007, we consider this appeal without benefit of appellee's answer brief.
[2] In his brief, appellant asserts that he "consistently" argued in his past pleadings that he was not "served with the complaint and initially had no idea of the [paternity action's] existence," but simply had not been aware "of the `specific' legal language or pleading to file." But none of those documents appear in the record on appeal, and the appellant argued in the trial court not that he raised the issue of service consistently, but only that his prior appearances "support his contention of a void judgment" and do not constitute "any acceptance or waiver of jurisdiction."