STEVENSON, J.
Bud Fein appeals a personal judgment entered against him in the amount of $80,000. Because Fein was not properly served with process in the underlying case, the judgment is void.
Fein is a former partner of the general partnership, Fein & Walker (“the partnership”). The partnership, through its gen *1030 eral partner, entered into a settlement agreement pursuant to a foreclosure action. Fein was neither served with process in the underlying foreclosure action nor a signatory to the settlement agreement. When allegations arose that the partnership violated terms of the settlement agreement, a motion was filed against the partnership seeking enforcement of that agreement. Subsequently, a hearing was held on the motion to enforce, resulting in entry of a final judgment against the partnership, as well as against Fein, individually. Fein was never given notice of the motion to enforce the settlement agreement, or of the related hearing. Fein was not present at the hearing and no attorney appeared on his behalf.
Irrespective of the notice issue, the final judgment entered against Fein is void because he was never individually served with process, so he was not a party to the underlying case. “‘A judgment entered ■without service of process is void.’ ” M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1081 (Fla. 4th DCA 2000) (quoting Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987)). Additionally, a judgment entered against partners, in their individual capacity, is only given effect as to the partners actually served. See Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987). To allow the instant final judgment to stand would violate basic principles of due process. As such, the personal judgment against Fein, individually, is void.

Reversed.

GROSS, C.J., and FARMER, J., concur.