BERGER, J.
Wesley Whittingham and Andrea Brown ("Borrowers") appeal the trial court's order vacating two separate orders issued on October 14, 2013, and February 20, 2018, under Florida Rule of Civil Procedure 1.540(b)(4). The 2013 order was a case management order dismissing the foreclosure case without prejudice after the parties failed to appear at the case conference. The 2018 order vacated a summary final judgment of foreclosure in favor of HSBC Bank USA, NA as Trustee for the Holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA1 ("Bank"), and again dismissed the case without prejudice. Borrowers raise four arguments on appeal. We find dispositive Borrowers' argument that judicial estoppel prevented Bank from challenging the 2018 order that it requested, and reverse.
On August 27, 2010, the trial court rendered a summary final judgment of foreclosure against Borrowers and in favor of Bank, which it had signed four days earlier. The foreclosure sale was set for December 15, 2010. But, a week prior to the sale, Bank filed an ex parte motion to cancel it. The trial court granted the motion and cancelled the sale. The next year, in October 2011, Bank filed a motion to vacate the final judgment, stating that it did not wish to proceed with the case. Bank also asked the trial court to withdraw the original documents and dismiss the case without prejudice. Bank, however, never noticed the motion for a hearing, and the trial court did not rule on it at that time.
Two years later, in 2013, on its own motion, the trial court set and held a case management conference. Neither party attended. Based on their nonattendance, the trial court issued a case management order on October 14, 2013, which dismissed the case without prejudice and gave the parties forty-five days to file additional pleadings. More than a year later, on December 9, 2014, Bank filed a motion to withdraw the original documents from the court file. In the motion, Bank decelerated the loan, withdrew its demand for immediate payment, and reinstituted the loan as an installment loan. Ten days later, the trial court granted the motion. Bank then *852 filed a separate foreclosure action in October 2015, which was set for trial in May 2018.
Bank subsequently filed a notice of hearing on its October 2011 motion to vacate the 2010 final judgment in this case. On February 20, 2018, the trial court, ex parte, granted the October 2011 motion to vacate and dismissed the case without prejudice. Shortly thereafter, Borrowers filed a rule 1.540(b)(4) motion to vacate the 2013 case management order, which had also dismissed the case without prejudice. They characterized the order as an involuntary dismissal and argued that it was void because the trial court lacked jurisdiction to involuntarily dismiss the case after it had rendered the summary final judgment. Bank also filed a similar motion, which not only sought to vacate the 2013 case management order, but the 2018 order as well. Similar to Borrowers, Bank claimed that both orders were void because the trial court lost subject matter jurisdiction to enter them after the final judgment was rendered. Bank also maintained that the 2010 final judgment was still enforceable, and thus, a new foreclosure sale date should be set.
At the subsequent hearing on the parties' motions, the trial court inquired why Bank had previously moved to vacate the 2010 final judgment. Bank responded:
Well, Your Honor, fundamentally what we thought we were able to do is clean up the Court docket. We knew that we were advancing on a 2015 case, it was already set for trial, and we didn't want there to be an issue where there was an outstanding judgment. Subsequent to the Court granting that order though, after partly reading counsel's arguments on their motion to vacate, they titled it a motion to vacate a judgment but they're actually trying to vacate an order of dismissal, but after reviewing their case law we believe that it was error for us to have renoticed it just as it was error for Your Honor to have granted it.
Bank then proceeded to argue that the motions and orders were void because the trial court lost jurisdiction to enter them one year after the 2010 final judgment was rendered. The trial court agreed and vacated, as void, all orders entered after August 23, 2011.
On appeal, Borrowers contend that, regardless of whether the 2018 order was void, judicial estoppel bars Bank from challenging it. They maintain that under estoppel principles a party who accepts the benefit of an order is estopped from urging error upon the same order. We agree.
Judicial estoppel provides that "[o]ne who assumes a particular position or theory in a case is judicially estopped in a later phase of that same case, or in another case, from asserting any other or inconsistent position toward the same parties and subject matter." In re Adoption of D.P.P., 158 So.3d 633, 639 (Fla. 5th DCA 2014) (citing Federated Mut. Implement & Hardware Ins. Co. v. Griffin, 237 So.2d 38, 41-42 (Fla. 1st DCA 1970) ). There are four elements to judicial estoppel in Florida:
[1] A claim or position successfully maintained in a former action or judicial proceeding [2] bars a party from making a completely inconsistent claim or taking a clearly conflicting position ..., [3] to the prejudice of the adverse party, [4] where the parties are the same in both actions, subject to the "special fairness and policy considerations" exception to the mutuality of parties requirement.
Salazar-Abreu v. Walt Disney Parks and Resorts, U.S., Inc., 44 Fla. L. Weekly D119, D120, --- So.3d ----, 2018 WL 6816757 (Fla. 5th DCA Dec. 28, 2018) (footnote omitted) (quoting *853 Grau v. Provident Life & Accident Ins. Co., 899 So.2d 396, 400 (Fla. 4th DCA 2005) ); accord Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066 (Fla. 2001) (quoting Chase & Co. v. Little, 116 Fla. 667, 156 So. 609, 610-11 (Fla. 1934) ). Prejudice "occurs when 'the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.' " Salazar-Abreu, 44 Fla. L. Weekly at D121 n.2 (quoting Grau, 899 So.2d at 400 n.3 (quoting New Hampshire v. Maine, 532 U.S. 742, 751, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) )). Judicial estoppel applies even in the context of void orders. Johnson v. State, Dep't of Rev. ex rel. Lamontagne, 973 So.2d 1236, 1239 (Fla. 1st DCA 2008) ("A party may forfeit the right to seek relief even from a void judgment if the party's actions or statements have had the effect of ratifying the judgment or conceding its propriety." (citing Starks v. Howard, 611 So.2d 52, 53-54 (Fla. 3d DCA 1992) )).
In this case, the undisputed facts demonstrate that all of the elements of judicial estoppel are present. There is a mutuality of parties. For the majority of this case, and for more than six years, Bank has maintained the position that it wanted to voluntarily vacate the 2010 final judgment and voluntarily dismiss the case without prejudice. In fact, Bank stated in its 2014 motion to withdraw the original documents from the case file that it was decelerating the loan, withdrawing its demand for immediate payment, and restoring its installment status. Bank was successful in maintaining that position when, in the 2018 order, the trial court granted its 2011 motion to vacate the final judgment and dismiss the case without prejudice.
Six weeks later, Bank took a conflicting position when it sought to have the 2018 order vacated. This conflicting position prejudiced Borrowers, who did not contest this case as Bank has been pursuing a position favorable to them from the time it cancelled the judicial sale in 2010 until after the trial court granted the motion to vacate the final judgment in February 2018. In fact, based on the assumption that the 2010 final judgment was vacated, Bank filed a new foreclosure complaint in 2015 on the same mortgage, which Borrowers have actively contested from the onset and in which the parties had set a May 2018 trial date. Consequently, judicial estoppel bars Bank's change of position in its motion to vacate the 2018 order, which it had obtained just six weeks earlier, vacating the 2010 final judgment. See Salazar-Abreu, 44 Fla. L. Weekly at D120 (quoting Grau, 899 So.2d at 400 ); In re Adoption of D.P.P., 158 So.3d at 639 (citing Griffin, 237 So.2d at 41-42 ); Johnson, 973 So.2d at 1239. Accordingly, we reverse the order granting Bank's rule 1.540(b)(4) motion.
REVERSED.
ORFINGER and EISNAUGLE, JJ., concur.