611 So.2d 52 (1992)
Mary STARKS and the Department of Health and Rehabilitative Services, Appellants,
v.
Marcine HOWARD, Jr., Appellee.
No. 91-2892.
District Court of Appeal of Florida, Third District.
December 29, 1992.
*53 Melvin A. Rubin, Coral Gables, for appellants.
Eugene M. Simon, North Miami, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Mary Starks appeals an order granting a motion to dismiss her petition to determine paternity and award child support. For the following reasons, we reverse.
Starks filed a petition against Marcine Howard, Jr., Respondent, in 1987 to determine paternity and to seek child support. The summons and the complaint were served at the residence of the Respondent's father, Marcine Howard, Sr. The Respondent did not live with his father. He did not appear at the hearing, and the court entered a final judgment of paternity with child support. The Respondent was served again at his father's residence after Starks filed a motion to hold the Respondent in contempt for failure to pay child support. The Respondent failed to appear at the hearing, and the court issued a writ of bodily attachment in January 1988.
In October 1990, the Respondent appeared pro se before the court for a surrender on the writ. He admitted paternity and explained to the court that he never received service. The court quashed the writ, ordered the Respondent to pay temporary child support, and continued the case to resolve issues of permanent child support and arrearages. At a subsequent hearing, the Respondent's father testified that he received the summons and complaint. The court upheld the temporary child support and continued the pending issues. The Respondent then filed a motion to abate the proceedings claiming lack of jurisdiction based on insufficiency of service of process. The court found that the Respondent admitted paternity in open court, upheld the temporary child support, and set aside the final judgment of paternity for insufficiency of process. In addition, the court referred the issues of permanent child support and arrearages to a general master. The Respondent filed a motion to dismiss for lack of personal jurisdiction on the basis that pursuant to Fla.R.Civ.P. 1.070(j) the time limits for service of process had expired. The general master remitted the case to trial court for a hearing on the motion. The court granted the motion. Starks now appeals.
A party submits to the jurisdiction of the court and waives jurisdictional defects by taking a step in the proceeding amounting to an appearance. Martin v. Ullman, 555 So.2d 1232 (Fla. 3d DCA 1989) (party's active participation in the proceeding, giving testimonial evidence, constituted a general appearance, and thus the party waived defects in service or in jurisdiction), rev. denied, 564 So.2d 487 (Fla. 1990); McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976) (the filing of a motion for protective order which had the effect of a motion to dismiss constituted an appearance submitting the party to the jurisdiction *54 of the court). The Respondent submitted to the jurisdiction of the court when he admitted paternity at the October 1990 hearing. See Hall v. Department of Health & Rehab. Serv., 487 So.2d 1147 (Fla. 1st DCA 1986) (party submitted to the court's jurisdiction by participating in the proceeding through a stipulation agreeing to a final judgment of paternity if blood tests indicated a high probability of paternity). Therefore, the Respondent waived his service of process and jurisdictional arguments.
Reversed and remanded for a final hearing on permanent child support and arrearages.