798 So.2d 30 (2001)
John Robert MacDOUGALL, Appellant,
v.
Michelle Lisa KUTINA, Appellee.
No. 4D00-2662.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
Louis Giovachino, Sunrise, for appellant.
Darryl S. Schreiber of Schreiber, Schreiber & Schreiber, Hollywood, for appellee.
FARMER, J.
When Michelle Kutina filed a petition for dissolution of marriage she served her husband at what she then understood was his address in Fort Lauderdale by giving the papers to his roommate, who also lived at that address. After he failed to respond, a default was entered. Thereafter the trial judge entered a final judgment of dissolution of marriage, ordering the husband to pay weekly rehabilitative alimony of $200 for a period of two years. The Final Judgment was mailed to the same address.
He did not pay the alimony, and Michelle therefore moved to hold him in contempt. She mailed the contempt papers to him at his new address in Davie. He attended the contempt hearing without counsel and testified as follows:
"Well, you know that was all done without me being here. I had left, I had gone up to see my brother and things happened. I was never here. There's no reason why she should be getting this. I don't have a problem with it. I can probably pay it when I get my G.C. license. I just need a little time to get myself back." [e.s.]
The general master recommended that he be found in contempt and filed a report and recommended order. One month later, the trial judge entered an order accepting and approving the report and fixing *31 a purge amount. Husband paid the purge and avoided incarceration.
Three months after that order, the former wife again filed a motion for contempt from non-payment of alimony and other financial obligations. In response to this second motion for contempt, the former husband filed a motion for relief from the final judgment of dissolution, arguing that service of process was defective. He attached an affidavit in which he swore that he did not receive the suit papers because they were actually given to his ex-roommate at the Fort Lauderdale address. He swore that he did not reside at the Fort Lauderdale address when the papers were served. He furnished affidavits from his girlfriend and his former roommate, both stating that he was actually living with his girlfriend in Davie when the suit papers were served at his former Fort Lauderdale address. The trial court denied the motion, holding that he waived any objection to service of process by appearing at the contempt hearing and failing then and there to object on the basis of the defect in service, and by instead fully participating in the hearing. He now brings this timely appeal.
We conclude that the record supports the trial judge's finding of waiver. The former husband apparently received the first motion for contempt about 5 days before the hearing date. He did not then file a prompt motion to vacate the default because of defective service of process. Nor did he orally request such relief at the contempt hearing. Instead he said that he had no problem with paying the alimony and then requested an additional 30 days to do so. The trial judge's order approving the master's report was conspicuously not entered for 30 days following the date of the master's report, and the former husband in fact paid the purge amount and thereby avoided jail. Then another three months went by, with no attempt by him to challenge the defect in service of process. It was only in response to the second motion for contempt that he finally filed a motion for relief from the judgment based on the issue regarding service of process. Hence there was a basis in the record for the trial judge's finding of a waiver of the service of process issue.
The court properly relied on Starks v. Howard, 611 So.2d 52, 53 (Fla. 3d DCA 1992), in finding a waiver. In Starks, the mother filed a petition to determine paternity and for child support. The summons and complaint were serviced at the father's former residence, and consequently the father did not appear at the hearing. The court entered a final judgment of paternity with child support. The father failed to pay the child support, and the mother moved to hold him in contempt. Again the father failed to appear. The court thereupon issued a writ of bodily attachment. Two years later, the father appeared pro se before the court for a surrender on the writ. After admitting paternity he explained that he never received service of original process. Nonetheless, the court ordered the father to pay temporary child support, and continued the case to determine permanent support. The father then moved to abate the proceedings, claiming for the first time that the court lacked jurisdiction based on insufficiency of service of process. The trial court agreed and set aside the final judgment for insufficiency of process.
On appeal, the Third District reversed. The court held that the father waived his objection to any defect of service of process. The court found that the father had submitted to the jurisdiction of the court when he admitted paternity at the first contempt hearing. This was a step, the court observed, amounting to a general appearance and giving the court jurisdiction *32 to award permanent child support. Similarly we conclude that the court was correct in concluding that the former husband's statement that he had no problem with paying the rehabilitative alimony and requesting additional time to pay, amounted to a submission to the jurisdiction of the court. Such a submission is a waiver of any defects in service of process.
AFFIRMED.
WARNER and TAYLOR, JJ., concur.