# Third District Court of Appeal

## State of Florida

Opinion filed October 20, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D19-2491
Lower Tribunal No. 18-36474

————————

## Helen Berggren and Howard Galbut,
Appellants,

vs.

## North Miami Bagels, Inc.,
## d/b/a Bagel Bar East,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Ross & Girten, Lauri Waldman Ross and Theresa L. Girten; Simon, Schindler & Sandberg LLP, Neal L. Sandberg and Sherryll Martens Dunaj, for appellants.

Conroy Simberg, and Diane H. Tutt (Hollywood); Conroy Simberg, and Jeffrey A. Blaker (West Palm Beach), for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Helen Berggren and Howard Galbut appeal a non-final order vacating a default and default final judgment entered against North Miami Bagels, Inc. d/b/a Bagel Bar East. We have jurisdiction. See Fla. R. App. P. 9.130(a)(5). We find the trial court based its factual findings on an erroneous legal conclusion regarding service pursuant to Florida Rule of General Practice and Judicial Administration 2.516(b)(2). We, therefore, reverse and remand for a new evidentiary hearing.

## FACTUTAL AND PROCEDURAL BACKGROUD

In November 2014, Helen Berggren's leg was struck by a tabletop while she was dining at Bagel Bar. Bagel Bar was insured by Starr Indemnity and Liability Company. Berggren and Galbut filed suit against Bagel Bar in October 2018 and served its registered agent, Steven Hochman. Bagel Bar contacted Starr Indemnity, which referred the claim to Specialty Insurance Agency. Specialty assigned the claim to Terri Jackson-Harris.

Courtney Hochman, the co-owner of Bagel Bar, forwarded the summons and complaint to Jackson-Harris following her assignment and was reassured by Jackson-Harris that Specialty "would handle it." Specialty, however, never hired an attorney to represent Bagel Bar and took no action after November 2018 to adjust the claim.

2

In January 2019, the clerk entered a default against Bagel Bar due to its failure to respond to the complaint. Berggren's counsel notified Jackson-Harris of the default but received no response. In April 2019, the trial court set a jury trial on damages. The trial court and Berggren's counsel mailed this order and other documents to Jackson-Harris and Bagel Bar at its business address. Courtney Hochman forwarded all documents she received to Jackson-Harris, who maintained the response that Specialty would handle all mailings.

Eventually, trial was reset for November 12, 2019. On July 15, 2019, Berggren's counsel mailed a copy of the order resetting trial to Bagel Bar, through Steven Hochman, at its business address. The order was sent via regular mail and did not contain a certificate of service.

The trial was held in November. Bagel Bar did not appear. The jury entered a verdict in favor of Berggren and the trial court entered final judgment. The final judgment was mailed to Bagel Bar and Starr Indemnity on December 2, 2019. Courtney Hochman emailed Jackson-Harris regarding the final judgment and was informed by Jackson-Harris "that as of August 7, 2019, Specialty Insurance was no longer handling Starr Indemnity claims." Bagel Bar then hired counsel and, on December 17, 2019, immediately filed a motion to vacate the final judgment pursuant to Florida

3

Rule of Civil Procedure 1.540(b)(4). The motion argued that the judgment was void because Bagel Bar never received notice of the trial and the default should be vacated due to excusable neglect.

An evidentiary hearing was held on Bagel Bar's motion. Bagel Bar admitted receiving the original trial order and some of the other mailings but denied ever receiving the order resetting trial. The trial court found the final judgment was void as Bagel Bar was not properly served notice of the order resetting trial pursuant to rule 2.516(b)(2). After the hearing, the trial court entered an order finding that because Berggren's attorney did not complete a certificate of service, Berggren was not entitled to a rebuttable presumption of service. The trial court also found the default should be vacated because Bagel Bar's reliance on Jackson-Harris's assurances constituted excusable neglect, Bagel Bar demonstrated a meritorious defense and Bagel Bar exercised due diligence in seeking relief after discovery of default by filing its motion to vacate final judgment within days of learning of the default.

This appeal followed.

**STANDARD OF REVIEW**

Although we review a trial court's order granting a motion to vacate for a gross abuse of discretion, any legal issues presented are reviewed de novo. Tata v. Tata, 207 So. 3d 933, 936 (Fla. 4th DCA 2016); Pares v.

4

<u>Soriano</u>, 306 So. 3d 236, 237 (Fla 3d DCA 2020).  Moreover, "this Court applies a de novo standard to the trial court's conclusions of law and application of the law to the facts."  <u>Fito v. Attorney's Title Ins. Fund, Inc.</u>, 83 So. 3d 755, 758 (Fla. 3d DCA 2011).

## LEGAL ANALYSIS

Florida Rule of Civil Procedure 1.440(c) provides, "[i]n actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with [Florida Rule of General Practice and Judicial Administration] 2.516."  Pursuant to rule 2.516(b)(2), service on "all parties who are not represented by an attorney and who do not designate an e-mail address . . . must be made by delivering a copy of the document or by mailing it to the party . . . at their last known address."  The rule goes on to state that service by mail is complete upon mailing.

Berggren argues the trial court erred in not applying a presumption of service based on the uncontroverted evidence that the order resetting trial was mailed to Bagel Bar.  We agree.  The plain language of rule 2.516(b)(2) requires that service on unrepresented parties be made by "mailing [a document] to the party . . . at their last known address," and is "complete upon mailing."  Rule 2.516 does not require a party to include a certificate of

5

service when mailing a document to an unrepresented party. Rule 2.516(b)(2) only requires a party include a certificate of service where there is no known address for the unrepresented party. It was uncontroverted below that Berggren's counsel mailed the order resetting trial to Bagel Bar's known business address.

Mail that is properly addressed, stamped, and mailed is presumed to have been received by the addressee. Brown v. Giffen Indus., Inc., 281 So. 2d 897, 900 (Fla. 1973). Where there is "[p]roof of mailing of a document to the correct address [it] creates a presumption that the item mailed was, in fact, received." Progressive Exp. Ins. Co. v. Camillo, 80 So. 3d 394, 402 (Fla. 4th DCA 2012). This "presumption, however, is rebuttable." Id. ("The denial of receipt does not automatically overcome the presumption but instead creates a question of fact which must be resolved by the trial court."). Here, Berggren's counsel properly addressed, stamped, and mailed the order resetting trial to Bagel Bar. The trial court found "there is evidence that [Berggren]'s attorney mailed the notice to Bagel." Therefore, Berggren was entitled to a presumption of service, rebuttable by Bagel Bar, regardless of whether Berggren included a certificate of service. Because the trial court failed to give a presumption of service to Berggren, we reverse and remand

for a new evidentiary hearing for the trial court to apply the proper law to the evidence.[1]

Reversed and remanded for an evidentiary hearing consistent with this opinion.

---

[1] We express no opinion on the trial court's remaining factual findings regarding excusable neglect, meritorious defense and due diligence.