# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0759
Lower Tribunal No. 22-13133-CA-01
_____

**Yaima Ortiz,**
Appellant,

vs.

**Nexbank,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley and Gina Beovides, Judges.

Kenzie N. Sadlak, PA and Kenzie N. Sadlak, for appellant.

Aldridge | Pite, LLP and Zachary Ullman (Delray Beach), for appellee.


Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Venezia v. Wells Fargo Bank, N.A., 306 So. 3d 1096, 1097 (Fla. 3d DCA 2020) ("Gross inadequacy of price alone is not enough to set aside a foreclosure sale. . . . [H]e presented no evidence of inadequacy, nor any evidence that the 'inadequacy of the bid resulted from some mistake, fraud or other irregularity *in the sale*.'"); IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012) ("Thus, it is well settled that '[i]n order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity **in the sale.**'"); Johnson v. State, Dep't of Revenue ex rel. Lamontagne, 973 So. 2d 1236, 1239 (Fla. 1st DCA 2008) ("A party may forfeit the right to seek relief even from a void judgment if the party's actions or statements have had the effect of ratifying the judgment or conceding its propriety."); MacDougall v. Kutina, 798 So. 2d 30, 32 (Fla. 4th DCA 2001) ("[T]he court was correct in concluding that the former husband's statement that he had no problem with paying the rehabilitative alimony and requesting additional time to pay, amounted to a submission to the jurisdiction of the court. Such a submission is a waiver of any defects in service of process.").