PER CURIAM.
This is an interlocutory appeal from an order denying a motion to quash service of process. The appellant, a non-resident of Florida, who was the purchaser under a contract for the sale of goods which included a promissory note for payment of the items purchased, agreed therein that the note would be deemed to have been made in Dade County, Florida, and, in event of the purchaser’s default and action filed thereon, agreed to be bound by service of process made upon the Florida Secretary of State, who was appointed therein by the purchaser as its agent for the service of such process, and by the mailing to purchaser [by seller] of a copy of the papers so served. Service was made on the Secretary of State in accordance therewith, and copies of the papers were mailed to the purchaser.
The Secretary of State could have, but did not refuse the service of the process. Actually the service was made on the Secretary of State as though it was service under the Long Arm statute, which could explain why the Secretary of State did not refuse the “agency appointment” service, as that official could have done. However, the service was made in the manner contracted for by the purchaser.
Therefore the question to be determined was whether the purchaser, having appointed the Secretary of State as the person to be so served as its agent and having agreed to be bound thereby, can disclaim the service when made in the manner for which it had so contracted. The trial court held it could not, and denied a motion to quash the service. We affirm. See National Equipment Rental v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354; cf. Illinois Central Railroad Company v. Simari, Fla.1966, 191 So.2d 427.
Affirmed.