SHARP, Judge,
dissenting.
The defendant below, James Carroll Associates, Inc., appeals a non-final order denying its motion to dismiss a complaint on the grounds the court lacks personal jurisdiction. Because the order determines jurisdiction over appellant, it is appealable. Fla.R.App.P. 9.130(a)(3)(C)(i) (1982).
The suit sought collection of a promissory note executed by appellant in New York City. The complaint alleged that the note was delivered to appellee, Video Applications, Inc., in Florida, and that the installments were payable in Florida. When appellant failed to pay an installment, Video accelerated the balance. No other allegations relating to jurisdiction were set forth. Carroll was served in New York City, via Florida’s “Long Arm” statute.[1]
Appellant’s motion to dismiss alleged lack of personal jurisdiction: it was not doing business in Florida, now or ever; the note was executed in New York; and it was delivered in New York. Although perhaps inartfully worded, the motion stated:
The mere fact that a Plaintiff residing in Brevard County, Florida holds a note does not confer jurisdiction upon the Bre-vard County Circuit Court over Defendant who has never had any physical connection with Brevard County and maintains its residence outside the State of Florida. Therefore, it is respectfully submitted that this Honorable Court does not have jurisdiction over the Defendant or the subject matter of this cause.
Appellant filed two affidavits executed by its corporate president and secretary-treasurer substantiating the allegations of its motion. Appellee filed no counter-affidavits and no testimony was taken at the hearing.
Under Florida’s “Long Arm” statute, a person who “[bjreaches a contract in this state by failing to perform acts required by the contract to be performed in this state” comes within the nominal reach of this provision. § 48.193(l)(g), Fla.Stat. (1981). *4 Florida courts have not (at this time) considered whether there are sufficient minimum contacts with this state upon which to base jurisdiction in a situation where a promissory note is executed outside of Florida, and the duty to pay money in Florida is the defendant’s only connection with this State.[2] Other courts, when faced with this situation, have held there are insufficient minimum contacts to assert long-arm jurisdiction over an out-of-state defendant. Hubbard, Westervelt & Mottelay, Inc. v. Harsh Building Co., 28 App.Div.2d 295, 284 N.Y.S.2d 879 (App.Div.1967); Fourth Northwestern National Bank v. Hilson Industries, Inc., 264 Minn. 110, 117 N.W.2d 732 (1962).
It appears to me the trial court erred in not granting appellant’s motion to dismiss, whether or not appellant used the magic words “unconstitutional application of the statute,” when appellant fully set out the circumstances showing lack of jurisdiction in Florida. See Hyco Manufacturing Co. v. Rotex Intern Co., 355 So.2d 471 (Fla. 3d DCA 1978). Initially, Video failed to plead sufficient material facts to establish a basis for the exercise of personal jurisdiction over appellant. Video had the initial burden to plead such facts.[3] Thereafter, Video failed to counter the appellant’s affidavits with affidavits or other proofs to meet the appellant’s challenge of lack of jurisdiction. Hoffman v. Three Thousand South Association, Inc., 318 So.2d 486 (Fla. 4th DCA 1975); Georgia Savings and Loan Service Corporation v. Delwood Estates, Inc., 315 So.2d 237 (Fla. 1st DCA 1975). For both reasons I would reverse the order appealed.

. § 48.193, Fla.Stat. (1981).

. See generally such cases as Anson v. Lemperuer, 390 So.2d 478 (Fla. 1st DCA 1980); First Nat’i Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977), and Southwest Cycle Sales, Inc. v. Gold Key Marketing, Inc., 265 So.2d 390 (Fla. 3d DCA 1972) where there were other factors, as well as payment of the note, to consider in determining the issue of minimum contacts.

. Neff v. Adler, 416 So.2d 1240 (Fla. 4th DCA 1982); Bank of Wessington v. Winters Gov’t. Sec. Corp., 361 So.2d 757 (Fla. 4th DCA 1978).