FARMER, Judge.
In this equipment lease, appellee (as lessee) expressly consented to suit in Michigan with a waiver of a jury, as well as the appointment of a named entity in Michigan as its agent for service of process. Claiming a default, appellant (as the lessor) brought an action in Michigan against ap-pellee and served the contractually appointed agent with process. Ultimately, a default judgment was entered against appel-lee by the Michigan court.
Appellant then brought the judgment to Florida and recorded it. To head off the inevitable execution on its assets, appellee filed a proceeding under section 55.509(1), Florida Statutes (1991), claiming that the service of process was invalid. The trial court agreed, finding that service on the Michigan agent was “incorrect as a matter of law.” This appeal promptly followed.
It is now well settled that there is no constitutional impediment to service on a contractually appointed agent for service of process, even in a form contract such as was used here. See National Equipment Rental Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Nor is there any problem under Florida law with this procedure. Southwest Cycle Sales Inc. v. Gold Key Marketing Inc., 265 So.2d 390 (Fla. 3d DCA 1972).
We see nothing wrong with the Michigan service. The lessee is charged with reading the contract before signing it and cannot later disclaim knowledge of its contents or its legal effect. Allied Van Lines Inc. v. Bratton, 351 So.2d 344 (Fla.1977).
There is no suggestion that the contract is unenforceable or that service was made in a manner not contemplated by the parties’ agreement. In fact, the only basis urged for invalidity is that the agent was negligent in giving lessee notice that it had received suit papers on its behalf. That, however, is a quarrel between lessee and its agent; it does not vitiate service.
We conclude that appellee has failed to show any defect in service of process in the Michigan action which would have deprived the Michigan court of jurisdiction over it. The trial court was required to give full faith and credit to the Michigan judgment and allow execution to proceed. We therefore reverse and remand for consistent proceedings.
REVERSED AND REMANDED.
ANSTEAD and GUNTHER, JJ., concur.