PER CURIAM.
The defendant, Cam-La, Inc., appeals from an order denying its motion to set aside default judgment and for relief from final judgment and its motion to quash for insufficiency of process. We affirm.
On June 22, 1990, David Fixel filed an action on a promissory note against Cam-La. Sharyn Garfield also filed an action against Cam-La seeking fees and costs for legal services. Fixel’s complaint was properly served upon Sharyn Garfield as registered agent of Cam-La on July 5, 1990. Garfield allegedly mailed Fixel’s complaint to the last known address of Joe Cameron, president of Cam-La. On July 16, 1990, Garfield filed an answer to Fixel’s complaint. Then on August 16, 1990, she filed a withdrawal of answer. Fixel filed a motion for default and set the matter for a hearing. On September 25, 1990, the trial court entered a default since Cam-La had not filed an answer or responsive pleading and a final judgment awarding Fixel $80,000.00. The default and final judgment were mailed to Garfield. However, Garfield testified that she never received them.
Cameron did not learn of the lawsuit until February, 1992. On January 19,1993, Cam-La filed a motion to set aside default judgment and relief from final judgment and motion to quash for insufficiency of process. At the conclusion of the evidentiary hearing, the trial court denied the motion. Cam-La appeals.
Cam-La contends the trial court erred in denying its motion to set aside a default judgment where judgment was void for lack of notice to the corporation. We disagree.
A judgment entered without notice to a party is void. Malone v. Meres, 91 Fla. 709,109 So. 677 (1926); Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988); Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987) (judgment void for lack of service of process); Falkner v. Amerifirst Sav. & Loan Ass’n, 489 So.2d 758 (Fla. 3d DCA 1986) (judgment void for lack of service of process); Totalbank v. Gonzalez, 472 So.2d 861 (Fla. 3d DCA 1985) (judgment void for improper service); Saharuni v. Saharuni, 343 So.2d 674 (Fla. 2d DCA 1977); Fla.R.Civ.P. 1.540(b)(4).
Because a corporation is a fictional entity, there can be no personal service on a corporation. Dade Erection Serv., Inc. v. Sims Crane Serv., Inc., 379 So.2d 423 (Fla. 2d DCA 1980). “Service can only be made on some representative or agent of the corporation designated by law.” Id. at 425. Service on a corporation’s registered agent is effective notice to the corporation of the pending litigation. §§ 48.081(3), 48.091, Fla. Stat. (1989); see also Country Clubs of Sarasota, Ltd. v. Zaun Equip., Inc., 350 So.2d 539, 542 (Fla. 1st DCA 1977). Service is not vitiated by the registered agent’s failure to give the corporation notice that it had received suit papers on its behalf. Leasefirst v. Allied Mach, of S. Fla., Inc., 597 So.2d 415 (Fla. 4th DCA 1992).
In the instant case, Cam-La designated Garfield as its registered agent as required by sections 48.091(1) and 607-0501(1), Florida Statutes (1989). This authorized Garfield to receive service of process on behalf of Cam-La. See § 48.091(2), Fla.Stat. (1989). Cam-La did not change its registered agent nor did Garfield resign her agency appointment. See § 607.0502, Fla.Stat. (1989). Therefore, Garfield was properly served as the registered agent of Cam-La, see § 607.0504, Fla.Stat. (1989), and the final judgment could not be void for lack of notice.
Having failed to establish that the judgment was void and having failed to move for relief within the one year set forth by rule 1.540(b)(1), Florida Rules of Civil Proce *1069 dure, Cam-La could only prevail if it raised a meritorious defense and moved to set aside the judgment with due diligence after learning of the default. See Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987). Cam-La waited eleven months after it was informed of the default before moving to vacate it. This delay showed a lack of due diligence in seeking relief. See B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981).
For these reasons, the trial court properly denied Cam-La’s motion to quash for insufficiency of process. The order under review is hereby
Affirmed.