*Credit Acceptance Corporation v. Vasseur*, 639-10-16 Wncv (Teachout, J., Feb. 2, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 639-10-16 Wncv** |

**CREDIT ACCEPTANCE CORPORATION**
    **Plaintiff**

    **v.**

**PATRICIA E. VASSEUR**
    **Defendant**

### DECISION
### Credit Acceptance's Motion for Contempt
### Proof of Service of Process (Court's Own Motion)
### Validity of June 20, 2017 Garnishment Order (Court's Own Motion)

This is a post-judgment debt collection case in which the plaintiff–judgment creditor, Credit Acceptance Corporation, has filed a motion asking the court to hold Aspen Dental Management, Inc., in contempt for failing to make periodic payments on the judgment as the employer and trustee of the wages of the defendant–judgment debtor, Patricia E. Vasseur. Ms. Vasseur has not objected to the motion, and Aspen Dental has never made any appearance in this case. Credit Acceptance is represented by Ilerdon S. Mayer, Esq. Ms. Vasseur represents herself. For the following reasons, the motion for contempt is denied and Credit Acceptance is ordered to show cause why the court's June 20, 2017 Findings and Order on Trustee Process should not be vacated.

*Background*

Credit Acceptance filed the original complaint against Ms. Vasseur seeking to collect on a debt related to the purchase of a used car. Ms. Vasseur was served personally but neither appeared nor otherwise defended. Credit Acceptance then filed a motion for default judgment, which was granted. The court entered final judgment in Credit Acceptance's favor on December 7, 2016.

Despite the final judgment, Credit Acceptance and Ms. Vasseur then (December 19) filed a stipulated agreement purporting to award judgment to Credit Acceptance and providing for periodic payments and other terms related to satisfaction of the judgment. The court approved it, as amended, on December 22.

On April 24, 2017, Credit Acceptance filed a motion for trustee process against earnings (wage garnishment). See generally 12 V.S.A. §§ 3011–3172; V.R.C.P. 4.2. The motion identified "Aspen Dental Mgmt, Inc." as the trustee. Rule 4.2(j)(3) required the "judgment creditor's attorney [to] prepare a summons on a form provided by the court, a disclosure form, and a list of exemptions and [to] serve them and the motion on the trustee . . . in the manner

provided by Rule 4." The return of service on Aspen Dental asserts that the documents were served "in hand" by a deputy sheriff on May 12, 2017 as follows: "Upon Aspen Dental Mgmt, Inc @ Corporation Service Company 100 N Main ST Suite 2 Barre VT." No further information is provided.

Aspen Dental did not file an earnings disclosure form.

The hearing on the motion was set for June 19, 2017. Prior to the hearing, Credit Acceptance and Ms. Vassuer filed a stipulation to the terms of a proposed wage garnishment order against Aspen Dental. Nothing in the record indicates that Aspen Dental signed the stipulation, assented to it, or even knew it existed at all. It was not among those documents purportedly served on Aspen Dental on May 12.

Aspen Dental did not appear at the June 19 hearing. The only issue addressed at the hearing was a minor correction to the language of the stipulated wage garnishment order. Credit Acceptance and Ms. Vasseur agreed to the correction. The court approved the stipulation as amended. The resulting Findings and Order on Trustee Process Against Earnings was filed the next day.

Rule 4.2(j)(4) requires the judgment creditor to serve the order "upon the trustee . . . as provided in Rule 4 for service of a summons." The return of service on Aspen Dental asserts that the documents were served "in hand" by a deputy sheriff on July 26, 2017 as follows: "Upon Aspen Dental Management Inc @ Corporation Service Company 100 N Main ST Suite 2 Barre VT."

Credit Acceptance now alleges that Aspen Dental has never made any payments. It has filed the motion under consideration here seeking a court order holding Aspen Dental in contempt.

In an Entry, the court then asked Credit Acceptance to clarify proof of service on Aspen Dental as follows:

> Before the court will schedule a hearing on the motion for contempt, Plaintiff is requested to file a supplement in the form of an affidavit showing that service of the Order on "Corporation Service Company 100 N Main St. Suite 2 Barre VT" by service "in hand" without a named person identified is proper service. It is unclear what relation "Corporation Service Company" bears to the Trustee, or who was handed the Order and that person's relationship to either the Trustee or Corporation Service Company.

Entry (filed Dec. 28, 2018).

Credit Acceptance responded with a supplement—not in the form of an affidavit— explaining that Aspen Dental is a foreign corporation doing business in Vermont and Corporation Service Company is its registered agent for service of process. Plaintiff's attorney contends that "the agent was served" (¶ 5) and "the service is complaint [sic]." (¶ 6).

Aspen Dental has never made any appearance in this case. A disclosure of earnings was filed on November 6, 2017. It is dated Oct. 25, 2017, long after the wage garnishment order was entered. The trustee is identified as APEO, LLC. The record includes no explanation of who APEO, LLC is and none of the proofs of service name APEO.

*Analysis*

Credit Acceptance's motion for contempt is denied. Aspen Dental has never been adjudicated a trustee, and there is no meaningful proof in the record that Aspen Dental ever was served with either the motion for trustee process and related papers or the wage garnishment order. There is no basis for contempt of a court order.

When an employer is named in a motion for trustee process against earnings, it is required, at a minimum, to file an earnings disclosure form or appear at the hearing, where it can provide the same information, contest its status as employer, or raise any related issues. If it does neither, it is "defaulted and adjudged a trustee" by the court. 12 V.S.A. § 3062. "When a person is adjudged trustee by default, the judgment shall be for the amount of damages and costs recovered by the plaintiff in the action, and payable in money . . . . *Execution therefor may issue directly against the good, chattels, or estate of the trustee*." 12 V.S.A. § 3063 (emphasis added). Additionally, "Any employer who fails to honor the order of the court shall be liable to the judgment creditor in the amounts that employer has failed to withhold and deliver together with any costs, interest, and reasonable attorneys' fees incurred in their collection. 12 V.S.A. § 3171(b). There is no provision for enforcement by contempt.

In this case, Credit Acceptance claims that it served Aspen Dental with the motion papers and Aspen Dental did nothing. Rather than defaulting Aspen Dental and adjudicating it a trustee according to Vermont law, Credit Acceptance stipulated with Ms. Vasseur to the terms of a garnishment order and the proof of service states that it was served on Aspen Dental in the same manner as the Summons to Trustee and Motion for Trustee Process: by "delivering in hand" to Corporation Service Company. The court's June 20, 2017 Order on Trustee Process, stipulated by the parties, appears to have been entered without the court having jurisdiction over the trustee.

As an initial matter, the trustee process statutes contemplate enforcement against the trustee in the same manners that an ordinary civil judgment creditor might enforce a judgment, principally a writ of execution, V.R.C.P. 69, judgment lien, or trustee process. Contempt is not identified as a permissible collection device.

Even if contempt were available in a case such as this, Credit Acceptance's motion nevertheless would have to be denied because there is no meaningful proof that Aspen Dental was properly served with the motion papers or order for trustee process and it has never appeared in this case. Credit Acceptance's position on service is that it was properly effectuated, and record proof of it is sufficient, because Rule 4(d)(7) permits service on a corporation by serving an agent authorized to accept service. In this case, in Credit Acceptance's view, Corporation Service Company is Aspen Dental's registered agent for service of process and the process server served Corporation Service Company so service was effective and the return shows it was

properly effectuated. There are several problems with this argument.

Neither return itself indicates that Corporation Service Company is Aspen Dental's registered agent for service of process. That fact first appeared in Credit Acceptance's response to the court's inquiry about service. It should have appeared in the returns. See 4B Wright & Miller, et al., Federal Practice & Procedure: Civil 4th § 1130 ("Proof of service on a corporation by delivery of process to an appropriate agent . . . must identify the agent . . . and show that person's connection with the corporation. In these instances and others, a receipt signed by the person who received the summons and complaint is clear evidence of delivery." (footnote omitted)).

Each return indicates that Aspen Dental was served "in hand" "@ Corporation Service Company 100 N Main ST Suite 2 Barre VT." A corporation cannot be served personally ("in hand"). Corporations are legal entities, not corporeal ones. Service on a corporation must be accomplished through an individual. *Cam-La, Inc. v. Fixel*, 632 So.2d 1067, 1068 (Fla. Dist. Ct. App. 1994) ("Because a corporation is a fictional entity, there can be no personal service on a corporation. 'Service can only be made on some representative or agent of the corporation designated by law.'" (citation omitted)). This is why Rule 4(d)(7) specifies those *individuals* who may be served: "an officer, a director, a managing or general agent, a superintendent, or . . . any other agent authorized by appointment or by law to receive service of process." V.R.C.P. 4(d)(7).

When a corporation has appointed another corporation as its agent for receipt of service of process, service must be effectuated on the agent–corporation through an individual (a sub-agent) authorized by the agent-corporation to receive service. See 9 Fletcher Cyc. Corp. § 4424 ("[A]ny manner of service that would be proper on a corporate defendant itself is also proper when utilized to serve its registered agent." (footnote omitted)).

The process server "shall make proof of service" and return it to counsel, who files it in court. V.R.C.P. 4(i). Though the rule does not specify what proof of service requires, "it is evident that the server should disclose enough facts to demonstrate the validity of the service." 4B Wright & Miller, et al., Federal Practice & Procedure: Civil 4th § 1130.

In this case, both proofs of service should have included, among other requirements of Rule 4(i), at least the following: (1) an explanation that Corporation Service Company is Aspen Dental's registered agent for service of process; (2) where Corporation Service Company is located and service was accomplished; (3) when service was accomplished; (4) an identification of the individual who received service; and (5) an explanation that the individual who received service was authorized by Corporation Service Company to do so (and not, for example, a passer-by, or janitor, or anyone else who may have been present but not authorized to receive service). That individual should be identified by name.

The record lacks proof of valid service. "The primary function of Rule 4 is to provide the mechanism for bringing notice of the commencement of an action to the defendant's attention." 4 Federal Practice & Procedure: Civil 4th § 1063. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated,

4

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "A judgment entered absent sufficient service of process upon a defendant violates due process and is void as to the defendant for want of personal jurisdiction." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 248 (N.M. 2016).

Credit Acceptance and Ms. Vasseur were not free to bind Aspen Dental absent the putative trustee's participation unless the trustee had been properly served and defaulted. There is no proof of valid service and Aspen Dental has never been defaulted. Aspen Dental has never been properly adjudicated a trustee.

The court recognizes that defects in the *proof* of service do not affect the validity of service. V.R.C.P. 4(i). In other words, service may have been validly executed even though the record proof is insufficient to show that validity. The court has discretion to "allow any process or proof of service thereof to be amended" and will exercise that discretion now in case service was valid. V.R.C.P. 4(j).

*Summary*

The June 20, 2017 Order on Trustee Process appears to be void. However, Credit Acceptance will be given an opportunity to argue otherwise before it is vacated, or obtain a stipulation from Ms. Vasseur's proper employer as trustee to an order with prospective effect. Credit Acceptance also will be given the opportunity to amend its proofs of service to show that service (of the motion papers and the order) was validly executed and, if so, to seek Aspen Dental's default in compliance with Vermont trustee process statutes and V.R.C.P. 4.2.

ORDER

For the foregoing reasons, Credit Acceptance's Motion for Contempt of Trustee is denied. Within 30 days, Credit Acceptance shall show cause as to why the June 20, 2017 Order on Trustee Process is not void or it will be vacated. Credit Acceptance has leave to file within thirty days amended proofs of service consistent with this decision and to seek Aspen Dental's default.

Dated at Montpelier, Vermont this _____ day of February 2018.

_____
Mary Miles Teachout
Superior Judge

5